OPINION OF THE COURT
Yvonne Gonzalez, J.
Defendant, St. Joseph’s Medical Center, moves by order to show cause, for an “off-camera” examination before trial of plaintiff and for a protective order suspending disclosure in this matter.
This medical malpractice action arose as a result of undiagnosed cervical cancer sustained by plaintiff. An affirmation from a board certified internist states that plaintiff has stage *370 IV terminal cancer and that she has as little as a few months to live.
By so-ordered stipulation of the parties dated May 15, 2002, the parties agreed to an expedited preliminary conference and deposition of plaintiff. The preliminary conference order to which there was no objection states that “plaintiff reserves the right to videotape the EBT of the plaintiff.” It is undisputed that movant has served, pursuant to CPLR 3106, a proper notice of deposition and it is also undisputed that plaintiff has served, pursuant to 22 NYCRR 202.15, a proper notice for the videotape recording of plaintiffs deposition.
On June 20, 2002, the parties’ attorneys and plaintiff appeared for plaintiffs deposition at plaintiffs attorney’s office. Plaintiffs attorney asserted plaintiffs reserved right pursuant to the preliminary conference order and pursuant to plaintiffs notice of videotape deposition to videotape plaintiffs deposition. Defendants refused to depose plaintiff while the video camera was taping her, though apparently they had no objection to the video camera taping plaintiff while her own attorney deposed her. The parties sought an oral ruling from this court as to whether the deposition of plaintiff by defendants may be videotaped. This court ruled that plaintiff may videotape the entire deposition, i.e., the videotape may include both plaintiffs attorney and defendants’ attorneys’ deposition of plaintiff. Defendants objected and indicated that they would bring the instant order to show cause. Plaintiff was deposed by her own attorney on June 20, 2002.
Movant argues that CPLR 3106 “gives defendant priority in the method and manner of deposing the party provided with the notice.” However, the method and manner in which testimony is recorded does not change the priority of deposition. It is clear that plaintiff appeared for her deposition before any defendant was deposed. Therefore, on June 20, 2002, defendants received the priority of deposition they are entitled to receive on June 20, 2002. Movant argues that it has not, “to date been afforded the full and fair opportunity to conduct the discovery deposition of the plaintiff as requested in defendant’s Notice of Deposition.” However, nothing stated in movant’s notice of deposition conflicts with videotaping of plaintiffs deposition as noticed by plaintiffs attorney and provided for in the preliminary conference order. Movant further argues that there is “no authority to permit plaintiffs videotaped deposition to supersede Defendant’s Notice of Deposition [thereby] compelling defendant to conduct its examination of the plaintiff by *371 videotape.” The video recording of a deposition does not in any way limit or infringe upon the manner in which movant has sought to record the deposition as 22 NYCRR 202.15 (e) explicitly permits a party to have a “stenographic transcription made of the deposition at his or her expense.” While 22 NYCRR 202.15 provides for properly noticed videotaped depositions, no similar rule provides for a deposition to be recorded exclusively by stenographic means.
Arguendo, to grant movant’s application, the recording of plaintiffs deposition would be segmented into a videotaped portion when plaintiff is deposed by her attorney and a transcript when deposed by defendants’ attorneys. In the view of this court, such lack of uniformity in the recording of a deposition is cumbersome and a bad precedent. Furthermore, in this case, an affirmation of a physician has been produced indicating that plaintiff has as little as two months to live. Under the unfortunate facts of plaintiffs circumstances, this court will not order her to appear for another deposition when defendants had full opportunity to proceed with a videotaped deposition on June 20, 2002, and were in fact directed to proceed by this court and were informed that plaintiff would not be ordered to return for a second deposition.
Movant makes no argument in support of its application to suspend disclosure. Under the circumstances of plaintiffs terminal condition and pursuant to the preliminary conference order, disclosure is to be expedited. As directed in the preliminary conference order discovery is to be completed on or before August 19, 2002. Accordingly, movant’s application is denied.